UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEABOARD FOODS LLC, <br><br> Plaintiff, <br><br> v. <br><br> MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Defendant. | Case No.: 1:24-cv-00282-MKV <br><br> **DEFENDANT MSC MEDITERRANEAN SHIPPING COMPANY S.A.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC"), by and through its attorneys Gordon & Rees, LLP, hereby files this Answer to the Complaint of plaintiff SEABOARD FOODS LLC ("Plaintiff"), and alleges:

1. ADMITS the allegations contained in Paragraph "1" of Plaintiff's Complaint.

2. ADMITS that Plaintiff was the named shipper under MSC Sea Waybill No. MEDUU5965469 dated August 5, 2022 and MSC Sea Waybill No. MEDUUH757996 dated August 20, 2023, but otherwise denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "2" of Plaintiff's Complaint.

3. ADMITS that MSC is a foreign entity and international shipping line engaged in the common carriage of merchandise by water for hire doing business in this judicial district, that the MSC's sea waybill's standard terms and conditions include a Southern District of New York forum selection clause, but denies the remaining allegations contained in Paragraph "3" of Plaintiff's Complaint.

4. ADMITS that MSC issued MSC Sea Waybill No. MEDUU5965469 dated August 5, 2022, but denies the remaining allegations contained in Paragraph "4" of Plaintiff's Complaint.

5. ADMITS that container no. TTNU8314460 ("Container 1") was loaded onto rail in Kansas City, Kansas and shipped to Long Beach California, that Container 1 was loaded on board the vessel M/V *Maersk Alfirk* and carried to Qingdao, China, that Container 1 was loaded on the vessel M/V *MSC Leni* and carried to Busan, South Korea, and that Container 1 was loaded on the vessel M/V *MSC Sotiria* and delivered to Tianjin, China, but otherwise denies the remaining allegations contained in Paragraph "5" of Plaintiff's Complaint.

6. DENIES the allegations contained in Paragraph "6" of Plaintiff's Complaint.

7. ADMITS that MSC granted a formal time extension to January 12, 2024 at 1700 hours CET time, but otherwise denies the remaining allegations contained in Paragraph "7" of Plaintiff's Complaint.

8. ADMITS that MSC issued MSC Sea Waybill No. MEDUUH757996 dated August 20, 2023, but denies the remaining allegations contained in Paragraph "8" of Plaintiff's Complaint.

9. ADMITS that container no. TRIU8180719 ("Container 2") arrived via rail at the Port of Los Angeles and was loaded aboard the vessel M/V *Cezanne*, but otherwise denies the remaining allegations contained in Paragraph "9" of Plaintiff's Complaint.

10. DENIES the allegations contained in Paragraph "10" of Plaintiff's Complaint.

11. DENIES the allegations contained in Paragraph "11" of Plaintiff's Complaint.

12. DENIES the allegations contained in Paragraph "12" of Plaintiff's Complaint.

13. DENIES the allegations contained in Paragraph "13" of Plaintiff's Complaint.

14. ADMITS the allegations contained in Paragraph "14" of Plaintiff's Complaint.

15. ADMITS that Plaintiff was the named shipper under MSC Sea Waybill No. MEDUU5965469 dated August 5, 2022 and MSC Sea Waybill No. MEDUUH757996 dated August 20, 2023, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "15" of Plaintiff's Complaint.

16. DENIES the allegations contained in Paragraph "16" of Plaintiff's Complaint.

17. DENIES the allegations contained in Paragraph "17" of Plaintiff's Complaint.

MSC denies all allegations and requests for relief as set forth in the "WHEREFORE, Plaintiff Seaboard Foods LLC prays that" portion of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against MSC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The shipments in question were received, carried, discharged, and/or delivered at the port of destination subject to the terms, conditions, exceptions, and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C.S. Section 30701 *et seq.* and/or other law governing this carriage. Any loss or damage alleged to have been suffered by said shipments or to the shipper or consignee were due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or other governing law.

## THIRD AFFIRMATIVE DEFENSE

3. The shipments described in the Complaint were received, loaded, carried, discharged, and delivered subject to the terms, conditions, exceptions, and limitations of certain dock receipts, bills of lading, sea waybills, tariffs, and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee, and holders of said contracts of carriage agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which MSC is not liable by virtue of said dock receipts, bills of lading, sea waybills, tariffs, and/or contracts of affreightment.

## FOURTH AFFIRMATIVE DEFENSE

4. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to MSC and/or from inherent defect, quality, or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties, and not MSC.

## FIFTH AFFIRMATIVE DEFENSE

5. If any shortage and/or damage was sustained by the shipments referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by MSC, and such shortage and/or damage was not sustained by the shipments while in the care, custody, or control of MSC.

## SIXTH AFFIRMATIVE DEFENSE

6. MSC was not guilty of any negligence, breach of contract, breach of bailment, or other culpable fault, in regard to the transportation of goods which is the subject of this Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff is not the real party in interest to this suit.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff failed to give timely notice of this claim.

**NINTH AFFIRMATIVE DEFENSE**

9. Any liability of MSC, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, sea waybills, tariffs, contracts of carriage, and/or Carriage of Goods by Sea Act and/or other governing law.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff has failed to mitigate its damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's actions should be dismissed pursuant to the forum selection clause and/or arbitration clause in the applicable bills of lading, sea waybills, service contracts, and/or other applicable contracts.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The subject cargo was properly delivered in accordance with the terms and conditions of the applicable bills of lading, sea waybills, and/or contracts of carriage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Any liability on the part of MSC, which is expressly denied, arises solely under the terms and conditions of the applicable bills of lading, sea waybills, contracts of carriage, and/or other contracts, and any claims in tort, including, but not limited to claims in bailment and negligence, are improper and should be dismissed in their entirety.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has not established damage to the subject goods and therefore cannot establish a *prima facie* case for recovery against MSC.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff breached the contract of carriage, to the extent applicable, by discarding and failing to retain the packaging for inspection.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. If Plaintiff suffered any damages, which is expressly denied, the negligence or fault of others must be compared, which bars or diminishes Plaintiff's rights to recover herein from MSC.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. MSC is not liable for special or consequential damages such as loss of use, loss of revenue, lost profits, additional contractor costs, and the like. To the extent any of the damages sought by Plaintiff constitutes special or consequential damages, MSC is not liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to join necessary parties such as any and all carriers, freight brokers, and/or freight forwarders, each of which bears liability to Plaintiff in the place and stead of MSC.

### NINETEENTH AFFIRMATIVE DEFENSE

19. The claim is time-barred by the applicable statute of limitations and/or by the terms and conditions of the applicable bills of lading, sea waybills, contract of carriage, and/or other applicable contract and/or by any voluntary time extension granted by MSC.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     If the shipments referred to in the Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then said loss or damage occurred as a consequence of negligence and/or breach of contract by Plaintiff, shipper, cargo owner, consignee, and/or holder of the said bill(s) of lading and/or sea waybills and while the shipments were in the care, custody, carriage, and/or transport of the foregoing agents or contractors acting on their behalf.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     If any loss and/or damage was sustained by the shipments referred to in the Complaint, which is denied, such loss and/or damage was caused by or contributed to by Plaintiff or others over whom MSC has no control and for whom it has no liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Due diligence was exercised on the part of the carrier to make the vessel(s) and its appurtenance(s) seaworthy (including but not limited to the subject containers), and to make all other parts of the vessel(s) (including but not limited to the subject containers) in which the shipments/goods were carried, fit and safe for their reception, carriage, and preservation of said shipments/goods.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     MSC reserves its right to amend this Answer if and when additional information is obtained through discovery.

**WHEREFORE,** MSC demands judgment dismissing the Complaint, together with costs and disbursements, and such other and further relief as may be just in this matter.

/ / /

Dated: May 28, 2024						Respectfully Submitted,

							GORDON & REES, LLP

							By: _____
							Mark A. Beckman
							1 Battery Park Plaza, 28th Floor
							New York, NY 10004
							Tel: (212) 269-5500/ Fax: (212) 269-5505
							mbeckman@grsm.com

							*Attorneys for Defendants MSC*
							*Mediterranean Shipping Company S.A.*